353 So.2d 1259 (1978)
Jack Junior FLOWERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1727.
District Court of Appeal of Florida, Third District.
January 17, 1978.
Bennett H. Brummer, Public Defender, and Irv J. Lamel, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Linda Collins Hertz and Jose R. Rodriguez, Asst. Attys. Gen., for appellee.
Before HAVERFIELD, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
The single point presented on this appeal is whether the trial judge erred in adjudging the defendant competent to stand trial because the burden of proving his incompetency was placed on the defendant.[1] The *1260 State has accepted the appellant's statement of facts which is, in part, as follows:
On January 15, 1975, an indictment was filed charging the defendant with first degree murder. A plea of not guilty was entered.
On March 24, 1975, several qualified experts, including the Forensic Unit of Jackson Memorial Hospital, were appointed to examine the defendant to determine his competency to stand trial.
A competency hearing was held on May 7, 1975. The evidence of the defendant's competency to stand trial was conflicting. One of the doctors testified that as a result of his examination of the defendant, it was his opinion that the defendant was mildly, mentally retarded. Concerning the defendant's ability to understand the court processes, the doctor stated:
"Although he has the ability to understand many things, he does not have full ability to understand all of the things that would be required for his defense."
At the conclusion of the hearing, the court adjudged the defendant incompetent to stand trial and committed him to the Division of Mental Health.
On November 14, 1975, the defendant was ordered returned from South Florida State Hospital to the Dade County Jail. See Fla.R.Crim.P. 3.210(a)(3). On January 7, 1976, a second competency hearing was held. At the commencement of a hearing on February 6, 1975, the prosecution stipulated that retardation is a form of incompetency under Fla.R.Crim.P. 3.210. At the conclusion of the hearing, the court adjudged the defendant competent to stand trial.
In every case, the defendant enters the courtroom with a presumption of sanity. Child v. Wainwright, 148 So.2d 526 (Fla. 1963). A proceeding under Fla.R. Crim.P. 3.210 does not change that presumption. It simply places upon a trial judge the responsibility of determining defendant's competency to stand trial when the issue is reasonably raised. See Brown v. State, 245 So.2d 68 (Fla. 1971); and Brock v. State, 69 So.2d 344 (Fla. 1954). The fact that the court has reasonable grounds to believe the defendant is incompetent to stand trial and appoints experts to examine him does not place any burden on the State to prove incompetency. Cf. Parkin v. State, 238 So.2d 817 (Fla. 1970). The matter is one simply submitted to the conscience of the trial judge. Cf. U.S. v. DiGilio, 538 F.2d 972 (3d Cir.1976). We hold that the comments of the trial judge do not establish that he applied an improper burden upon the defendant and that the evidence in the record substantiates, by a clear preponderance of the evidence, the competency of the defendant to stand trial.
Affirmed.
NOTES
[1] The argument that the court placed the burden of proving his incompetency on the defendant is supported by the following excerpts from the comments of the trial court at the conclusion of the hearing on competency to stand trial:

"I think in this case that the Defendant is competent to stand trial on the charges, based upon all of the testimony and reports I have examined; perhaps just borderline, but I think he is.
* * * * * *
"At this time, I am going to hold, based on the evidence, that the Defendant has not established that the man is incompetent to stand trial. I think he has sufficient ability to be an effective  sufficiently effective  witness, rational witness, and can sufficiently and effectively aid his Counsel. Therefore, I am going to determine that he is competent to stand trial."