864 So.2d 1252 (2004)
Chester HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2847.
District Court of Appeal of Florida, Fifth District.
January 30, 2004.
*1253 James B. Gibson, Public Defender and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Chester Harris appeals his judgments and sentences which were entered by the trial court after a jury found Harris guilty of committing the crimes of battery, resisting an officer with violence, and criminal mischief. Harris challenges his judgments and sentences arguing, among other things, that the trial court erred in failing to conduct a competency hearing or issue an order finding him competent to stand trial. We agree and therefore reverse.
Rule 3.210(b) of the Florida Rules of Criminal Procedure sets forth the procedure which the trial court must follow when the issue of a defendant's competency is raised:
Rule 3.210 Incompetence to Proceed: Procedure for Raising the Issue
* * *
(b) Motion for Examination. If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and shall order the defendant to be examined by no more than 3, nor fewer than 2, experts prior to the date of the hearing. Attorneys for the state and the defendant may be present at the examination.
Fla. R.Crim. P. Rule 3.210(b)(emphasis added). Once the issue of a defendant's competency to stand trial is raised, the question for the trial court to consider is whether there is reasonable ground to believe the defendant may be incompetent, not whether he is incompetent. Brockman v. State, 852 So.2d 330 (Fla. 2d DCA 2003). In Hunter v. State, 660 So.2d 244 (Fla. 1995), our Supreme Court set forth the following test for determining whether a defendant is competent to stand trial:
The test for whether a defendant is competent to stand trial is whether "he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understandingand whether he has a rational as well as factual understanding *1254 of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824, 825 (1960); see also § 916.12(1), Fla. Stat. (1993); Fla.R.Crim.P. 3.211(a)(1). The reports of experts are "merely advisory to the [trial court], which itself retains the responsibility of the decision." Muhammad v. State, 494 So.2d 969, 973 (Fla.1986) (quoting Brown v. State, 245 So.2d 68, 70 (Fla. 1971), vacated in part on other grounds, 408 U.S. 938, 92 S.Ct. 2870, 33 L.Ed.2d 759 (1972)), cert. denied, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987). And, even when the experts' reports conflict, it is the function of the trial court to resolve such factual disputes. Fowler v. State, 255 So.2d 513, 514 (Fla. 1971). The trial court must consider all evidence relative to competence and its decision will stand absent a showing of abuse of discretion. Carter v. State, 576 So.2d 1291, 1292 (Fla.1989), cert. denied, 502 U.S. 879, 112 S.Ct. 225, 116 L.Ed.2d 182 (1991).

Id. at 247.
Here, the evidence regarding Harris's competence to stand trial was limited to three psychiatric examinations. Two psychiatric examinations were performed in March of 2002. One of the reports found Harris competent while the other concluded that Harris was incompetent and schizophrenic. A third examination was conducted in July of 2002 and found Harris competent to stand trial. Harris's case proceeded to trial one month later. During trial, defense counsel repeatedly moved for mistrial based upon his belief that Harris was not competent to stand trial. The trial court denied said motions without conducting a competency hearing or making a finding that Harris was competent to stand trial.
The record demonstrates some confusion during trial regarding the findings of the psychiatric reports. Specifically, the State Attorney erroneously indicated to the trial court that the two psychiatric reports completed in March 2002 had found Harris competent, and the trial court apparently accepted this statement as being true:
TRIAL COURT: All right. I did check in my records and noticed that we did have a report that was filed by Dr. Mings, a third report. And that report is consistent with the others, Harris is capable of proceeding forward. He is competent to proceed.
Thereafter, during the defense case, when Harris began acting out, defense counsel again moved for a mistrial raising Harris's psychological fitness to proceed. However, the trial court again erred in stating that three psychiatrists had found Harris competent:
DEFENSE COUNSEL: ... Secondly, I'm having difficulty rendering effective representation here. I'm getting all sorts of requests and aggravation from Mr. Harris. More importantly, all this behavior leads me in all fairness and justice to Mr. Harris, that I question his psychological, psychological fitness.
TRIAL COURT: We have three reports that say he's competent to proceed.
DEFENSE COUNSEL: There was one report that says he was, and there was a tie, and then another one that he was competent. So I would move
TRIAL COURT: We have three reports in the file anyone can review, the appellate court can review. Motion for mistrial denied.
Shortly thereafter, while Harris was on the stand testifying, defense counsel again made a motion for a mistrial raising the *1255 issue of Harris's competency but said motion was denied:
DEFENSE COUNSEL: Judge, I have another motion to put on the record, judge. As Mr. Harris's attorney I feel compelled to move for a mistrial. I understand that the behavior, conduct is attributable to the individual; you know, the defendant caused his own mistrial. However, in this particular situation I think I have increasingly doubts about Mr. Harris's competency. I seriously question his competency. I don't think his behavior, He's making up anything. I think that he, as the court and testimony will bear out, this man is focused and harping on some piece of evidence to exonerate him, or what have you. I just don't feel and in all fairness to him, doing justice to Mr. Harris, He's competent; he's clearly demonstrated the opposite.
STATE ATTORNEY: Judge, if you read the evaluation, of all the evaluations, including the ones that, two that found him competent, they talk about the agitated and threatening, and they still found him competent. He was exhibiting the same behavior he exhibited today to the psychiatrist that found him competent. They're the best ones to evaluate his competency. And they did. And if, if the defendant wants to exhibit that behavior here in courthe's been warned against thatbut I don't believe competency is an issue. We went, We spent a lot of time and money to evaluate. He is competent.
TRIAL COURT: On the issue of competency, I've reviewed these reports during his testimony, as well as during his trial. And the reports stand for themselves. We have a situation where two doctors say he's perfectly calm and capable of understanding what he did and competent, competent to stand trial. We have one doctor who says he's, for one reason or another, thought he was not competent. Under our rules, he is competent. That issue is not before us.
Under the circumstances of this case, which include the trial court's failure to consider or read the expert reports on Harris's competence until Harris was testifying at trial, the failure of the trial court to engage in a colloquy with Harris to determine his competence, the failure of the trial court to conduct a competency hearing, the failure of the trial court to adjudicate Harris competent, and the trial court's seeming reliance only on expert reports (two of which were six months old and one which was one month old), we conclude that the trial court erred in ruling on the issue of Harris's competency. The trial court erroneously determined that the "reports stand for themselves" and it need not make any further determination once it determined that two of three psychiatrists found Harris competent. At the very least, the trial court should have conducted a colloquy with Harris to determine whether reasonable grounds existed to believe that he might not be competent. See Tingle v. State, 536 So.2d 202, 204 n. 1 (Fla.1988) (noting that when an issue of competency is raised, the trial court may conduct its own investigation to determine whether reasonable grounds exist to believe that the defendant may be incompetent and whether the safeguards of rule 3.210 are warranted).
In closing, we recognize that since Harris's competence can not be determined retroactively, his convictions must be reversed and this cause remanded for a new trial contingent upon a determination that he is competent to stand trial. See Tingle v. State, 536 So.2d 202 (Fla.1988)(holding *1256 that a hearing to determine whether a defendant was competent at the time he was tried generally cannot be held retroactively).
Judgments and sentences REVERSED; cause REMANDED.
SAWAYA, C.J., and TORPY, J., concur.