# Third District Court of Appeal

## State of Florida

Opinion filed November 8, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2883
Lower Tribunal No. 12-15201
_____

**Luis Fundora Moreno,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Joanne Diez, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and SCALES and LUCK, JJ.

LUCK, J.

Defendant Luis Fundora Moreno appeals the trial court's finding that he was competent to be sentenced for violating his community control. After a brief

competency hearing where the parties stipulated that the two doctors appointed to evaluate Moreno would testify consistently with their written reports (both doctors found Moreno competent), the trial court accepted the stipulation and made its competency finding. Moreno contends the trial court erred by not making an independent determination of Moreno's competency, and abused its discretion by failing to appoint a neuropsychologist. After review of the record and briefs, and with the benefit of oral argument, we affirm the competency finding and sentence although we remand for the limited purpose of having the trial court enter a written competency order memorializing its oral ruling.

*Factual Background and Procedural History*

The First Sentencing Hearing. In February 2014, Moreno was charged with violating his community control by failing to complete a mental health evaluation; failing to register for a domestic violence class; and failing to submit to a random drug test. A few months later, in May, at the community control violation hearing, Moreno asked the trial court to discharge his public defender so he could represent himself. The trial court conducted a Faretta hearing,[1] and after taking testimony from Moreno and finding that he knowingly, voluntarily, and intelligently waived his right to counsel, discharged the public defender, and continued with the hearing with Moreno as his own counsel. At the end of the hearing, the trial court found

---

[1] Faretta v. California, 422 U.S. 806 (1975).

that Moreno willfully and substantially violated his community control. The trial court then turned to sentencing. After hearing from the state, Moreno's probation officer, and Moreno, the trial court sentenced Moreno to twenty-one years in prison, followed by two years of community control and thirteen years of probation.

The First Appeal. Moreno appealed, and we affirmed in part and reversed in part. We affirmed the revocation of Moreno's community control, but reversed the sentence because the trial court did not offer Moreno the assistance of counsel before the sentencing portion of the hearing as required by Florida Rule of Criminal Procedure 3.111(d)(5). Moreno v. State, 167 So. 3d 522, 523 (Fla. 3d DCA 2015) (confession of error). (Florida Rule of Criminal Procedure 3.111(d)(5) provides that if a defendant, as here, waives his right to counsel, "the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel." That includes a sentencing hearing.) We remanded "for the limited purpose of holding a new sentencing hearing with an offer of counsel." Id.

The Competency Hearing. On remand, with the public defender now representing Moreno, Moreno's counsel told the trial court there were reasonable grounds to believe Moreno was not competent to proceed with the sentencing hearing, and asked that doctors be appointed to evaluate his competency.[2] The

trial court granted the motion, appointed two doctors to evaluate Moreno, and reset the case so the doctors had time to complete their evaluations. When the trial court called back the case three weeks later, the doctors had evaluated Moreno and submitted single-spaced five and nine page reports finding Moreno competent to proceed.

The state said it would stipulate that if the doctors were called to testify at the hearing they would testify consistently with their reports. Moreno's counsel said that she assumed that's what Moreno would want her to do, but she needed time to talk with him to confirm. The trial court passed the case so counsel could talk with Moreno. When the trial court recalled the case, counsel said that Moreno would make the same stipulation. The trial court accepted the stipulation, and found Moreno competent to proceed.

The Second Sentencing Hearing. At the sentencing hearing six weeks later, the trial court heard from the probation officer, Moreno's son and wife, a mitigation specialist at the public defender's office, and Moreno. The trial court said it considered the facts of the underlying convictions that caused Moreno to be on community control, his community control violations, and the mitigation evidence presented at the hearing, and sentenced Moreno to twenty-one years imprisonment, followed by fifteen years of probation.

---

[2] The trial judge on remand was not the same one who presided at the first sentencing hearing.

4

*Standard of Review*

"A trial court's decision regarding competency will stand absent a showing of abuse of discretion." McCray v. State, 71 So. 3d 848, 862 (Fla. 2011) (quotation omitted). That decision "does not constitute an abuse of discretion unless no reasonable person would take the view adopted by the trial court." Id. (quotation omitted).

*Discussion*

Moreno contends the trial court: (1) erred by relying only on the expert reports in finding him competent and not making an independent competency determination, and (2) abused its discretion by failing to appoint a neuropsychologist to evaluate him. The state responds that the record shows the trial court made an independent determination of Moreno's competency before sentencing him, and Moreno's counsel did not request that Moreno be evaluated by a neuropsychiatrist. We address each of these issues below.

1. Independent Competency Determination

A defendant is presumed sane when he enters the courtroom. Flowers v. State, 353 So. 2d 1259, 1260 (Fla. 3d DCA 1978). But when there are reasonable grounds to believe the defendant is not competent, the trial court must determine whether the defendant "has sufficient present ability to consult with counsel with a reasonable degree of rational understanding – and whether he has a rational as well

as a factual understanding of the pending . . . proceedings." <u>Gore v. State</u>, 24 So. 3d 1, 9 (Fla. 2009) (quoting <u>Alston v. State</u>, 894 So.2d 46, 54 (Fla. 2004)); <u>see also</u> Fla. R. Crim. P. 3.211(a)(1) (setting forth the factors an expert must consider in determining competency). This determination must be "an independent legal" one "after considering the expert testimony or reports and other relevant factors." <u>Shakes v. State</u>, 185 So. 3d 679, 681 (Fla. 2d DCA 2016) (citing <u>Dougherty v. State</u>, 149 So. 3d 672, 678 (Fla. 2014)). The experts' written reports "are advisory to the trial court, which itself retains the responsibility of the decision." <u>Dougherty</u>, 149 So. 3d at 678 (quotations omitted). Moreno argues the trial court did not make the required "independent competency determination" before the sentencing hearing, and it erred in relying solely on the expert reports in finding Moreno competent to proceed.

Our review of the record shows otherwise. On September 25, 2015, the trial court had an in-court conversation with Moreno about his last name. The trial court spoke to Moreno again on October 14, 2015, when he had him sworn in, and on the following day, when questioning Moreno about whether he wanted to discharge the public defender. At the sentencing hearing, the trial court addressed Moreno's competency and said that the court had spoken with Moreno and found him "to be intelligent, coherent, and alert." The trial court commented that Moreno seemed "to understand everything" and it didn't have reasonable grounds

6

to be believe Moreno was not competent to proceed. The trial court observed and heard Moreno testify at the sentencing hearing, and found him to be coherent, alert, and logical. The trial court reiterated after hearing Moreno speak that it was confident Moreno understood the proceedings.

Taken together, the trial court made an independent determination of Moreno's competency. The trial court's finding was based on its observations of, and conversations with, Moreno at four hearings. While the trial court relied on the experts' reports in finding Moreno competent to proceed, as it was entitled to do, id. at 677-78 ("[W]here the parties and the judge agree, the trial Court may decide the issue of competency on the basis of the written report alone." (quotation omitted)), the court also explained that it found Moreno competent based on its experiences with him during the previous hearings.

The trial court's competency finding was leagues apart from those that have been reversed by the Florida courts. In Dougherty, for example, the Florida Supreme Court held the competency finding was insufficient because the trial court relied solely on the defendant's stipulation on the ultimate issue that he was competent. See Dougherty, 149 So. 3d at 678 ("[A] defendant cannot stipulate that he is competent, particularly where he has been previously adjudicated incompetent during the same criminal proceedings."). In Shakes, the second district found error because "[t]he trial court did not consider the testimony of any

7

experts, and the trial court gave no indication that it had reviewed the report submitted by the psychologist, which report was not specifically mentioned on the record at any of the hearings in this case." Shakes, 185 So. 3d at 681-82. The second district also found error in Bylock v. State, 196 So. 3d 513 (Fla. 2d DCA 2016) because "there [was] no indication in the record that the parties agreed that the trial court could rely on the reports deeming Bylock competent to proceed." Id. at 515. And in Harris v. State, 864 So. 2d 1252 (Fla. 5th DCA 2004), the trial court failed to read or consider timely the experts' reports, did not talk to the defendant, did not have a competency hearing, and did not make a competency finding. Id. at 1255.

Here, unlike those cases, the trial court held a competency hearing; both parties stipulated on the record that the doctors would testify consistently with their reports; the trial court spoke to Moreno and observed his demeanor; the trial court considered the doctors' reports; and the trial court made a finding that Moreno was competent to proceed. While brief, the competency hearing complied with the procedural rules, and the trial court's finding was supported by competent substantial evidence. There was no error.

## 2. Neuropsychology Expert

Moreno also contends the trial court abused its discretion when it failed to appoint a neuropsychologist to conduct a competency evaluation. We have

combed the record and cannot find where Moreno made such a request. (Moreno's brief concedes that "defense counsel never formally requested the appointment of a neuropsychologist.") After Moreno's counsel suggested Moreno was incompetent to proceed and requested that two experts be appointed to evaluate him, the clerk asked about appointing Dr. Fonte and Dr. Romero. The trial court asked: "Is that fine with both of you?" Moreno's counsel said, "That's fine with me." (The state also agreed.) At the competency hearing, Moreno's counsel stipulated that the doctors would testify consistently with their reports. How could the trial court abuse its discretion to appoint a neuropsychologist when there was no request for it to exercise its discretion and there was a stipulation the trial court could rely on the testimony of the two appointed doctors?

Besides, when the issue of competency was raised again on the day of the sentencing hearing, the trial court found no reasonable ground to believe that Moreno was not competent, and that finding was supported by competent substantial evidence. The trial court's finding was based on its conversations with Moreno on September 25, October 14, and October 15, 2015, and the doctors' reports, which concluded that despite his head injury Moreno understood the proceedings and could consult with counsel. The trial court reiterated after seeing and hearing Moreno actively participate and testify at the sentencing hearing that

Moreno understood the proceedings. The trial court did not abuse its discretion by not appointing a third doctor to evaluate Moreno.

*Conclusion*

For these reasons, we affirm the trial court's competency finding and its sentence for Moreno's violations of community control. Because the parties agree the trial court did not memorialize its competency finding with a written order as required by the rules of criminal procedure, Fla. R. Crim. P. 3.212(b) ("If the court finds the defendant competent to proceed, the court shall enter its order so finding and shall proceed."); Gordon v. State, 219 So. 3d 189, 197 (Fla. 3d DCA 2017) ("[T]he trial court made an oral finding that defendant was competent to proceed, but failed to render a written order to that effect. This cause must be remanded to the trial court to enter a written order consistent with its oral pronouncement."), we remand to the trial court for the sole purpose of entering a written order reflecting its oral pronouncement regarding Moreno's competency. Because this is a ministerial act, Moreno need not be present.

Affirmed and remanded for entry of a written order.