548 So.2d 765 (1989)
Randy D. WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1819.
District Court of Appeal of Florida, First District.
August 31, 1989.
*766 Ruth Stone of Gran & Stone, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen. Carolyn Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, Randy D. White, appeals his conviction and the sentence imposed after being found guilty of robbery, battery, and armed robbery. As error, appellant asserts that the trial court failed to follow the proper procedures for finding him competent to stand trial. Appellant also takes issue with the departure sentence that was imposed. We AFFIRM but REMAND for further proceedings.
Appellant was charged with a May 24, 1986, armed robbery in which he robbed a woman at knifepoint outside a convenience store. A separate information charged appellant with robbery and battery for an attack upon another woman outside the same convenience store. This attack, which occurred three nights after the first robbery, involved the beating of a woman who refused to surrender her wallet.
Appellant's trial counsel requested a competency hearing to determine whether appellant was competent to stand trial. Appellant also gave notice of his intent to assert that he was insane at the time the offenses were committed. As a result, the trial court appointed experts to evaluate appellant's then present mental condition as well as his condition at the time of the offenses.
On April 3, 1987, appellant was found incompetent to stand trial and was hospitalized under the supervision of the Department of Health and Rehabilitative Services. On November 20, 1987, a hearing was held to determine whether appellant remained incompetent. After hearing expert testimony and receiving psychological evaluations, the trial court stated that appellant was competent to stand trial. Though the state's attorney was directed to draft an appropriate order, the record reflects that no such order was ever issued.
At the start of appellant's bench trial on March 8, 1988, defense counsel stated that he intended to rely upon the notice of insanity as a defense that had been filed by appellant's previous counsel. The trial court began the proceedings by questioning appellant and defense counsel as to whether medication was impairing appellant's ability to understand the proceedings or assist in his defense. Appellant stated that he was not impaired, but defense counsel, though admitting that medication had caused no impairment, would not concede that appellant was unimpaired. Although defense counsel introduced appellant's psychological evaluations and made a closing argument based upon appellant's insanity *767 at the time of the offenses, counsel did not assert that appellant was incompetent to stand trial, nor did counsel offer any evidence suggesting that appellant's condition had changed since he was declared competent in November 1987. On March 11, 1988, the trial court found appellant guilty as charged, rejecting the insanity defense.
At the sentencing hearing, appellant's scoresheet indicated a guideline range between twelve and seventeen years. The trial court expressed its intent to depart from the guidelines based upon appellant's escalating pattern of criminality. Appellant was given fifteen years for the robbery charge and one year for the battery, which would be served concurrently. For the armed robbery, appellant was sentenced to thirty years to run consecutive to the fifteen year term. On the same day that sentence was pronounced, the trial court issued a written departure opinion[1] which included, as an additional basis for departure, appellant's "continuing course of conduct and violent behavior that indicates a total lack of regard for the law and judicial system and a resistance to rehabilitation."
Appellant argues that the departure sentence is based upon invalid grounds or grounds not supported by the record. We agree that the trial court's first reason for departure which refers to appellant's continuing course of conduct, lack of regard for the law, and resistance to rehabilitation, is not supported by the record and is based solely upon appellant's prior record of criminal activity. This reason for departure is actually an amalgam of separate departure grounds which, although potentially valid bases for departure, require independent support in the record. Thus, a defendant's lack of respect for the law is not a proper basis for departure when it is evidenced by nothing more than the defendant's prior record. Mayo v. State, 518 So.2d 458, 461 (Fla. 1st DCA 1988). Similarly, a defendant's resistance to rehabilitation is an improper basis for departure when evidenced solely by prior record. See Tillman v. State, 525 So.2d 862, 864 (Fla. 1988).
The trial court's second reason for departure, however, is well supported by the record. It is well established that a defendant's escalating pattern of criminality is a valid basis for departure when evidenced by a criminal record which graduates from crimes against property up to more serious violent crimes against persons. Keys v. State, 500 So.2d 134, 136 (Fla. 1986); Cox v. State, 508 So.2d 1318, 1320 (Fla. 1st DCA 1987). In the instant case, appellant's activities have jumped from robbery and similar property crimes to the instant offenses of armed robbery and battery. This is sufficient to demonstrate an escalating pattern.
Although we approve of only one of the two departure grounds, we find this sufficient to affirm the appellant's sentence. We note that appellant's offenses were committed prior to the 1987 amendment to section 921.001(5), Florida Statutes.[2] Accordingly, our finding of an invalid departure reason would necessitate reversal unless it is shown beyond a reasonable doubt that the departure sentence would have been imposed without regard to the invalid reason. See State v. McGriff, 537 So.2d 107 (Fla. 1989).
In the instant case, it is clear that the departure was motivated by appellant's pattern of increasingly violent crime. The *768 only reason for departure mentioned at the sentencing hearing was appellant's escalating pattern of criminality; the invalid reason was added later in the written departure opinion. The written opinion itself is devoted exclusively to detailing appellant's criminal history, his recent escalation to violent crime in particular. Even the invalid reason makes mention of appellant's "continuing course of conduct and violent behavior." Hence, we find that the departure sentence is proper under the circumstances.
Appellant also argues that the trial court was required to enter a written order upon finding appellant competent to stand trial and to enter another order upon commencement of the trial. We hold that there was no need for a written order at the start of trial. As noted, the trial court had found appellant competent to stand trial in November 1987. Since nothing was presented to the trial court which could raise a bona fide and reasonable doubt as to appellant's competence, the court was not required to conduct another competency proceeding. See Pericola v. State, 499 So.2d 864, 867 (Fla. 1st DCA 1986), pet. rev. denied, 509 So.2d 1118 (Fla. 1987). Thus, at the start of trial the need for a written order did not arise.
We agree with appellant, however, that a written order should have been entered after the trial court found appellant competent to stand trial in November 1987. At the time of the competency hearing, Rule 3.212(b)(5), Florida Rules of Criminal Procedure, provided that after a hearing in which the defendant is found competent to stand trial, the trial court "shall enter its order so finding."[3] We hold that this language requires a written order. In so holding, we agree with Marshall v. State, 351 So.2d 88 (Fla. 2d DCA 1977), wherein the Second District held that a written order was required by Rule 3.210(a)(4), Florida Rules of Criminal Procedure, and remanded the case for entry of a nunc pro tunc order. Although the rule construed in Marshall is an earlier version of the one involved in the instant case, we note that the above quoted language is contained in both provisions. Thus, in keeping with Marshall, we find it necessary to remand for entry of a nunc pro tunc order finding appellant competent to stand trial.
In sum, we affirm appellant's sentence because we find that the trial court would have departed from the guidelines based on the valid reason of appellant's escalating pattern of criminality without regard to the invalid ground. We must remand, however, for entry of a nunc pro tunc order finding appellant competent to stand trial.
SMITH, THOMPSON and MINER, JJ., concur.
NOTES
[1] The trial court explained its reasons for departure as follows:

(1) The defendant exhibits a continuing course of conduct and violent behavior that indicates a total lack of regard for the law and judicial system and a resistance to rehabilitation. Fuller v. State, 488 So.2d 594 (2nd DCA 1986).
(2) The defendant's behavior demonstrates a total disregard for the rights of others and indicates an escalating pattern of criminality. Kiser v. State, 455 So.2d 1071 (1st DCA 1984); Keys v. State, 500 So.2d 134 (Fla. 1986); Harris v. State, 509 So.2d 1299 (1st DCA 1987).
[2] As amended, section 921.001(5), Florida Statutes (1987), prohibits remand of departure sentences that are based upon both valid and invalid grounds. Thus, had this provision been applicable to the instant case, we would have been required to uphold appellant's departure sentence without further inquiry.
[3] Although a 1988 amendment renumbered this provision and altered some of the terminology, the amended Rule 3.212(c)(7) retains the quoted language.