851 So.2d 832 (2003)
Guillermo MARTINEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1817.
District Court of Appeal of Florida, First District.
August 6, 2003.
*833 Nancy A. Daniels, Public Defender, Ed Harvey, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, Barbara J. Yates, Assistant Attorney General, Tallahassee, for Appellee.
ERVIN, J.
In this direct criminal appeal, appellant, Guillermo Martinez, contends the trial court erred in failing to enter a written order finding him competent to proceed. See Fla. R.Crim. P. 3.212(c)(7)(2002) ("If, at any time after such commitment, the court decides, after hearing, that the defendant is competent to proceed, it shall enter its order so finding and shall proceed."). The record shows that appellant was adjudicated incompetent, placed in a mental institution, and subsequently released therefrom based on staff's opinion that he no longer met the criteria for involuntary hospitalization. After his *834 counsel represented to the court that appellant was competent to proceed, the judge responded, "All right, sir." The judge then accepted appellant's plea and sentenced him. We affirm appellant's conviction and sentence, but "we find it necessary to remand for entry of a nunc pro tunc order finding appellant competent to stand trial." White v. State, 548 So.2d 765, 768 (Fla. 1st DCA 1989).
In reaching our decision, we have not overlooked the dissent's assertion that the sentence should be affirmed summarily without remand for a written order, because appellant had entered a guilty plea without expressly reserving a legally dispositive issue, as required by section 924.051(4), Florida Statutes (2000), enacted as part of the Criminal Appeal Reform Act of 1996.[1] Chapter 96-248, § 4, at 954-55, Laws of Fla. In the case at bar, appellant did not preserve the issue, nor did he move to withdraw the plea. Nevertheless, we do not understand that the pertinent provisions of the Act dispossess this court from jurisdiction to remand to the trial court for the sole purpose of memorializing in writing an oral finding made by the court. The judgment and sentence remain intact. The command of the law is honored requiring that no defendant, previously adjudicated incompetent, shall thereafter be forced to stand trial unless he or she is adjudged competent to proceed.
Appellant's failure to reserve the right to appeal does not divest this court of jurisdiction over the appeal. In State v. Jefferson, 758 So.2d 661, 664 (Fla.2000), the court explained:
We find it is clear from the language of section 924.051(3) that the Legislature intended to condition reversal of a conviction on the existence of either an error that was preserved and prejudicial or an unpreserved error that constitutes fundamental error. However, we do not find from the statutory language utilized that the Legislature clearly intended to limit the appellate courts' subject matter jurisdiction in the area of criminal appeals.
As Jefferson and Maddox v. State, 760 So.2d 89 (Fla.2000), make clear, the provisions of section 924.051 were designed with the object of limiting appeals relating to potentially reversible errors in convictions that had not been timely preserved. In fact, the stated goal of the statute was "to ensure that all claims of error are raised and resolved at the first opportunity." § 924.051(8), Fla. Stat. (2000). We are simply not confronted with the type of error contemplated by the Criminal Appeal Reform Act, because, as stated, the judgment and sentence are unaffected by our remand for the purpose only of clarifying the court's adjudication of competency, which it should have determined before it accepted the plea, entered judgment, and pronounced sentence.
If we understand the dissent correctly, it appears to say that because no competency hearing was held, the lower court's statement, "All right, sir," after defense counsel informed the court that two doctors had concluded that appellant was competent to proceed, should not be construed as an oral determination of competency; hence, there was no need to formalize that statement in writing. Neither the defendant nor the state has contended on appeal that such statement was anything less than a finding of competency.
*835 Indeed, we will not presume that the court acted contrary to the dictates of the law by declining to make such finding once it was aware of the prior adjudication of incompetency.
AFFIRMED, but REMANDED for further consistent proceedings.
WOLF, C.J., CONCURS; BENTON, J., CONCURS in affirmance but dissents from remand.
BENTON, J., concurring in affirmance, but dissenting from remand.
Because appellant entered a guilty plea without articulating or preserving any claim of error (and because the mere failure to enter a written order was not fundamental error), I would affirm outright. With exceptions not pertinent here, "if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not [successfully] appeal the judgment or sentence." § 924.051(4), Fla. Stat. (Supp.1996).
Construing the Criminal Appeal Reform Act, § 924.051(3), Fla. Stat. (Supp. 1996), our supreme court has declared "that the Legislature intended to condition reversal of a conviction on the existence of either an error that was preserved and prejudicial or an unpreserved error that constitutes fundamental error."
State v. Jefferson, 758 So.2d 661, 664 (Fla.2000). Unpreserved errors that are not prejudicial and could never require reversal are less  not more  deserving of appellate consideration than unpreserved errors that would have required reversal, if timely and appropriate objection had been made.
The present case differs from White v. State, 548 So.2d 765 (Fla. 1st DCA 1989), in important respects. The defendant in White stood trial only after the trial judge had ruled him competent to do so:
On April 3, 1987, [White] was found incompetent to stand trial and was hospitalized under the supervision of the Department of Health and Rehabilitative Services. On November 20, 1987, a hearing was held to determine whether [White] remained incompetent. After hearing expert testimony and receiving psychological evaluations, the trial court stated that [White] was competent to stand trial. Though the state's attorney was directed to draft an appropriate order, the record reflects that no such order was ever issued.
548 So.2d at 766. In the present case, appellant's plea had been accepted, he had been adjudicated guilty, and sentence had been pronounced,[*] before the following transpired:

*836 The Court: ... Now, he's apparently *837 previously been adjudged not competent to proceed. What is up with that, Mr. Brancato?
Mr. Brancato [defense counsel]: He did go to Chattahoochee. He just came back. I've had him evaluated by two separate doctors. Since then they both say he's competent to proceed.
The Court: All right, sir.
This is a much more dramatic departure from the requirements of Florida Rule of Criminal Procedure 3.212(c)(7), than the simple oversight of failing to reduce an oral ruling to writing that occurred in White.
Appellant complains (for the first time on appeal) only of the absence of a written order, however, and does not contend that the absence of a second competency hearing itself entitles him to relief. His contention boils down to insisting that "All right, sir" be reduced to writing. But no competency hearing preceded the trial court's "All right, sir," which may well, in any event, have been  rather than any ruling on the merits of the competency question  the trial court's acknowledgment that defense counsel was not contesting his client's competency to proceed (after the fact).
In this context, the lack of a written order is inconsequential. The trial court should not, moreover, be required to enter an order on remand where the effect might be to make it seem that the trial court made an adjudication earlier that it was never even asked to make. I respectfully dissent from the remand.
NOTES
[1] Section 924.051(4) provides:

If a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment and sentence.
[*] In pertinent part, the proceedings consisted of the following:

THE COURT: Sir, do you want to enter a plea of no contest in accord with this plea offer?
THE DEFENDANT: No contest.
THE COURT: Is that what you want to do?
THE DEFENDANT: Uh-huh.
THE COURT: I need you to say yes.
THE DEFENDANT: Yes.
THE COURT: Okay. I'll accept your plea, find it is freely and knowingly and voluntarily given. Count 1, I'm going to adjudicate guilty and sentence you to ten years' state prison followed by 15 years probation with credit for 
THE CLERK: I'm figuring it up.
THE COURT: All right. We'll come back to that.
On the probation, your terms and conditions are as follows: $436 court costs, payable at a rate of no less than $30 a month. No possession or consumption of alcoholic beverages. Random uranalysis. Defendant shall abide by mandatory curfew and remain within his residence from 10:00 p.m. to 6:00 a.m. or as otherwise directed by probation community control officer.
The defendant is prohibited from living within a thousand feet of a school, daycare center, park, playground, or other place where children regularly congregate.
He must actively participate in and successfully complete a sex offender treatment program as directed by your probation officer and pay for any fees. And it shall be provided by a therapist who is specifically trained to treat sex offenders, if such is available within 50 mile radius of your house.
You may not associate or have any contact in any way including e-mail, writing, telephone with the victim, either directly or indirectly unless approved by the victim and this Court and your therapist.
You shall, if you are  if you have not successfully completed a sex offender treatment program, you shall have no unsupervised contact with any child under the age of 18 unless another adult is present who is responsible for the child's welfare, has been advised of the crime and is approved by the sentencing court.
You're prohibited from working for pay or volunteering at any school, daycare center, park, playground, or other place where children regularly congregate.
You're prohibited from viewing, owning or possessing any obscene pornographic or sexually stimulating visual or auditory material including telephone electronics media, computer programs, or computer services that are relevant to deviant behavior pattern.
You are to submit two FDLE samples at your expense as required by the Florida Statutes to register at the DNA bank.
Restitution to the victim is ordered by Florida Statute for all necessary medical and related professional services relating to physical, psychiatric, and psychological care.
You shall submit to a search without warrant by the probation officer at your  of your person, residence, or vehicle.
You shall participate at least annually in polygraph exams to obtain information necessary for risk management and treatment and to reduce your denial mechanism. And it must be  the polygraph exam must be conducted by a polygrapher who is trained specifically in the use of the polygraph or monitoring sex offenders where available and you pay for it.
You will maintain a driving log and not drive a motor vehicle alone without prior approval of the supervising officer. Not obtain or use a post office box without prior approval or supervising officer.
And was there sex  there was sex contact, but I'm not sure it is the kind that they are referencing on this HIV test, but it is checked.
MR. DICKINSON: Judge, we request that.
THE COURT: All right. You'll submit at your own expense to an HIV test with the results to the victim and the victim's parents and submit to electronic monitoring when deemed necessary by the community control or probation officer and supervisor and ordered by the Court at the recommendation of the Department of Corrections.
I think that's it.
Now, he's apparently previously been adjudged not competent to proceed. What is up with that, Mr. Brancato?
MR. BRANCATO: He did go to Chattahoochee. He just came back. I've had him evaluated by two separate doctors. Since then they both say he's competent to proceed.
THE COURT: All right, sir. You have 30 days to appeal the judgment and sentence of the Court. If you cannot afford to hire an attorney, one will be appointed for you.
Good luck.
MR. BRANCATO: Judge, if I can just put something on the record. I traveled to New York City to do depositions of the victim in this case. And during the course of the depositions, it came out that charges greater than what he pled to may have been filed and that was one contemplated thing in his entering this plea, that the State might charge a capital sexual battery and that was one thing that he took into consideration with the entering of this plea.
The only other thing I would say it that Mr. Martinez is not from here. He came down here to Pensacola on vacation. He's from New York City. We ask that probation be transferred there when he's done with his prison sentence.
THE COURT: Now, I did adjudicate him guilty, I think. But let me go ahead and say I'll adjudicate guilty. His probation, assuming that the State will accept him, can be transferred, but he'll have to comply with all of these conditions in the state where he is.
MR. BRANCATO: Yes, your honor.
THE COURT: Good luck. Did I tell him he had 30 days to appeal? All right. Good luck, sir.