902 So.2d 340 (2005)
James BLOW, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1265.
District Court of Appeal of Florida, Fifth District.
May 27, 2005.
*341 James S. Purdy, Public Defender, and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
James Blow appeals the convictions and sentences imposed after he entered nolo contendere pleas to nine charges in four cases.[1] On appeal, Blow contends that the trial court erred when it denied his motion to withdraw his pleas. Because Blow had been found incompetent to proceed earlier in these proceedings and his competence had never been reestablished, we reverse.
After being charged with a variety of crimes, Blow was found incompetent to proceed and committed to the Department of Children and Families for treatment. Approximately eleven months later, Blow appeared before the court and entered open nolo contendere pleas to the charges, following a standard plea dialogue with the court. During that dialogue, Blow advised the court that although he was taking anti-depressants for his mental illness, he understood the consequences of the actions he was about to take. The trial court found Blow to be "able, alert and intelligent," and accepted the pleas. Several days later, Blow filed a motion to withdraw his pleas, contending that he had never been determined to be competent following his earlier adjudication of incompetency. *342 The trial court denied the motion and this appeal followed.
The State contends that the trial court's finding that Blow was "able, alert and intelligent" when he entered the pleas, at least implicitly, satisfies the requirements of Florida Rule of Criminal Procedure 3.212, which sets forth the required procedure for determining whether a defendant previously adjudicated incompetent has been restored to competence. We disagree. See Samson v. State, 853 So.2d 1116, 1117 (Fla. 4th DCA 2003). An individual who has been adjudicated incompetent is presumed to remain incompetent until adjudicated competent to proceed by a court. Id. at 1116; see also Holland v. State, 634 So.2d 813, 815 (Fla. 1st DCA 1994). A defendant's legal status cannot change from incompetent to competent without the benefit of a hearing. Samson, 853 So.2d at 1117. Although the supreme court has held that, where the parties and the trial court agree, the court may decide the issue of competency on the basis of written reports, there was no such agreement in this case. See Sledge v. State, 871 So.2d 1020, 1021 (Fla. 5th DCA 2004) (reversing for a competency hearing because the trial court, upon receiving the Department of Children and Families clinical evaluation, stating that the appellant was competent to testify, simply set a date for trial and did not conduct a "formal hearing" to determine whether the appellant was, in fact, competent to proceed).
For these reasons, we reverse Blow's convictions and sentences and remand for a competency proceeding and such other action as may be appropriate thereafter.
REVERSED AND REMANDED.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] Brevard County circuit court case number 99-37648 charged Blow with possession of firearm by convicted felon. Brevard County circuit court case number 00-25100 charged him with armed burglary of a dwelling, grand theft with a firearm, and grand theft third degree. Brevard County circuit court case number 00-43889 charged Blow with robbery with a firearm, aggravated battery, aggravated assault with a firearm, and false imprisonment. Brevard County circuit court case number 02-48918, charged him with burglary of a conveyance, dealing in stolen property, and possession of a firearm by a convicted felon.