IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BENNIE JOHN ROSS,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-1264

Opinion filed February 3, 2015.

An appeal from the Circuit Court for Duval County.
Tatiana Salvador, Judge.

Nancy A. Daniels, Public Defender, and Richard M. Summa, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel Steinberg, Assistant Attorney General, Tallahassee, for Appellee.

SWANSON, J.

In this direct appeal, appellant claims the trial court committed fundamental error in accepting his guilty plea because no order had been entered finding appellant competent to proceed after he had been adjudicated incompetent. We agree, reverse, and remand for further proceedings.

Under Florida Rule of Criminal Procedure 3.210, a criminal prosecution may not move forward at any material stage, which includes entry of a plea, against a defendant who is incompetent to proceed. Dougherty v. State, 149 So. 3d 672, 676-77 (Fla. 2014). In order to proceed against a defendant who has been adjudicated incompetent, the trial court first must hold a hearing to determine whether the defendant's competency has been restored, review evidence from experts during the hearing, make an independent determination that the defendant's competency has been restored, and enter a written order to that effect. Id. at 677-78. These requirements cannot be waived by a stipulation. Id. at 678.

Because there is no evidence in the record that the trial court conducted a competency hearing, reviewed evidence from any examining physicians, or made an oral or written finding that appellant had been restored to competence, appellant was presumed incompetent to proceed at any material stage, rendering his plea invalid as a matter of law and subject to challenge for the first time on direct appeal. Blackmon v. State, 23 So. 3d 239, 240 (Fla. 4th DCA 2009); Blow v. State, 902 So. 2d 340, 342 (Fla. 5th DCA 2005); Samson v. State, 853 So. 2d 1116, 1117 (Fla. 4th DCA 2003). Because appellant had been adjudicated incompetent prior to the entry of the plea, the competency issue was cognizable on direct appeal without a motion to withdraw plea. Vestal v. State, 50 So. 3d 733, 735 n. 2 (Fla. 5th DCA 2010). Accordingly, we reverse and remand for a competency

2

proceeding and such other action as may be appropriate thereafter.  <u>Blow</u>, 902 So.

2d at 342.

REVERSED and REMANDED for further proceedings.

BENTON and WETHERELL, JJ., CONCUR.