IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

May 15, 2015

EDWIN ROMAN,                          )
                                      )
            Appellant,                )
                                      )
v.                                    )    Case No. 2D09-5159
                                      )
STATE OF FLORIDA,                     )
                                      )
            Appellee.                 )
_____ )

BY ORDER OF THE COURT:

    Appellee's motion for rehearing is granted. The prior opinion dated February 13,

2015, is withdrawn, and the attached order is issued in its place.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

JAMES BIRKHOLD, CLERK

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

EDWIN ROMAN,                           )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No.   2D09-5159
                                       )
STATE OF FLORIDA,                      )
                                       )
          Appellee.                    )
_____)

Opinion filed May 15, 2015.

Appeal from the Circuit Court for Polk
County; Michael E. Raiden, Judge.

Howard L. Dimmig, II, Public Defender,
and Matthew D. Bernstein, Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Dawn A. Tiffin,
Assistant Attorney General, Tampa, for
Appellee.

ORDER RELINQUISHING JURISDICTION

KELLY, Judge.

          Edwin Roman appeals from his judgment and sentences for sexual battery

on a person less than twelve years of age, lewd molestation, and battery.  He correctly

contends that the trial court erred by failing to hold a competency hearing before proceeding to trial.

While Roman was in custody for the charged offenses, his defense counsel moved to have him examined by a mental health expert. A court-appointed expert determined that Roman was mentally incompetent. The trial court adjudicated Roman incompetent to proceed and committed him to the Department of Children and Families' treatment facility. A few months later, the expert reported that Roman had regained competence. Although Roman's competency was discussed at a motion to suppress hearing with regard to the voluntariness of his statements to police, a hearing specifically to determine Roman's competence was never held. During trial, the court noted, "[O]ften times the defense will want [the defendant] to be evaluated by someone locally that they know. That appears to have been done because there is no other explanation. So as far as I'm concerned mental health issues in this case were amply explored by [defense counsel]."

"Once found incompetent, a presumption clings to the criminal defendant that the state of incompetence persists until a court, after proper notice and a hearing, finds otherwise." Molina v. State, 946 So. 2d 1103, 1105 (Fla. 5th DCA 2006). Florida Rule of Criminal Procedure 3.212(c) provides that when the court receives notice that a defendant has regained competence, the court shall hold a hearing to determine if a defendant is competent to proceed. Jackson v. State, 880 So. 2d 1241, 1242 (Fla. 1st DCA 2004) ("A defendant's legal status cannot be adjudicated from incompetent to competent without the benefit of a hearing."). A hearing to determine whether competency has been restored requires the calling of court-appointed expert witnesses,

a determination of competence, and the entry of an order adjudicating the defendant to be competent to proceed. S.B. v. State, 134 So. 3d 528, 529 (Fla. 4th DCA 2014). If the parties agree, the trial court can make its competency determination based solely on experts' reports. Blow v. State, 902 So. 2d 340, 342 (Fla. 5th DCA 2005). "Until the presumption of continued incompetence dissipates, the criminal defendant may not be tried for the crimes for which he or she is charged. Violation of this principle constitutes fundamental error." Molina, 946 So. 2d at 1105-06 (citing Jackson, 880 So. 2d 1241). A defendant who is presumptively incompetent cannot waive his right to a competency determination. Metzgar v. State, 741 So. 2d 1181, 1183 (Fla. 2d DCA 1999).

The parties did not stipulate to have the trial court decide Roman's competency on the basis of experts' reports. Rather, the court improperly assumed that defense counsel had investigated Roman's competence. See Jones v. State, 125 So. 3d 982, 984 (Fla. 4th DCA 2013) (holding that the task of determining competency "is expressly left to the trial judge and that authority may not be delegated to the lawyers in the case"); Macaluso v. State, 12 So. 3d 914, 915 (Fla. 4th DCA 2009) (concluding that after the defendant had been found to be incompetent, the trial court abused its discretion in declining to conduct a competency hearing before holding trial based on defense counsel's representation that the defendant had been evaluated and had regained competence), approved by Dougherty v. State, 149 So. 3d 672, 673 (Fla. 2014).

"Generally, the remedy for a trial court's failure to conduct a proper competency hearing is for the defendant to receive a new trial, if deemed competent to proceed on remand." Dougherty, 149 So. 3d at 678-79 (citing Pate v. Robinson, 383

- 3 -

U.S. 375, 386-87 (1966), and Tingle v. State, 536 So. 2d 202, 204 (Fla. 1988)). However, a new trial may not be necessary if the defendant's competency can be determined retroactively. Id. at 679. "[A] nunc pro tunc competency evaluation could be done where 'there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing.' " Id. (quoting Mason v. State, 489 So. 2d 734, 737 (Fla. 1986)). Nevertheless, if the trial court finds that an evaluation of the defendant's competency at the time of trial cannot be conducted in such a manner as to assure the defendant due process of law, the court must grant a new trial. Id.

Accordingly, we relinquish jurisdiction to the circuit court for thirty days from the date of this order to conduct a competency hearing to assess Roman's competency at the time of the trial using the Dougherty criteria as a guide. If the court determines that Roman was competent, it shall enter an order containing factual findings supporting that decision. The clerk shall transmit the order and the complete record of the competency hearing to this court as a supplement to the record on appeal in this case. If the circuit court finds that Roman remained incompetent or that it cannot determine whether he was competent or incompetent at the time of trial, it shall enter an order to that effect and the clerk shall transmit that order as a supplement to the record. See Fowler v. State, 255 So. 2d 513, 515 (Fla. 1971).

LaROSE, J., and DAVIS, CHARLES A., SENIOR JUDGE, Concur.

- 4 -