NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ODANE SHAKES,                             )
                                          )
            Appellant,                    )
                                          )
v.                                        )       Case No. 2D14-4319
                                          )
STATE OF FLORIDA,                         )
                                          )
            Appellee.                     )
                                          )
_____   )

Opinion filed February 10, 2016.

Appeal from the Circuit Court for Polk
County; Catherine L. Combee, Judge.

Howard L. Dimmig, II, Public Defender, and
William L. Sharwell, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cerese Crawford Taylor,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

            Odane Shakes appeals his convictions for attempted aggravated battery

on a law enforcement officer and resisting an officer with violence.  He entered open

pleas of no contest and was sentenced to concurrent ten-year and five-year prison

sentences. On appeal, Shakes argues that his due process rights were violated by the trial court's failure to hold an adequate competency hearing to determine that his competency had been restored and that he should therefore be permitted to withdraw his plea. We agree.

On November 14, 2013, the trial court entered an order finding Shakes incompetent to proceed and committing him to the Department of Children and Families. On February 18, 2014, a "Competency Evaluation Report to the Court" was filed in the case, and in the report, a psychologist concluded that Shakes was competent to proceed. The report recommended that Shakes be returned to the county jail for a final determination of competency. A hearing was held on March 14, 2014, and Shakes was present with his defense counsel, who informed the court that Shakes was back at the county jail and that he was "competent to proceed." The trial court then stated, "Alright," and set the case on the docket for April 15th. The trial court asked if the parties would be ready for trial at that point, and defense counsel stated that she hoped the State would be making an offer. The trial court and defense counsel asked Shakes if he was taking his prescribed medications, and he answered, "Yes."

At the brief April 15, 2014, hearing, defense counsel stated that the defense was not interested in going to trial and that the defense was working on receiving an offer from the State. The case was continued.

A plea hearing was held on July 3, 2014, and the trial court conducted a plea colloquy with Shakes. The trial court stated that it knew Shakes was being treated for mental illness and asked if Shakes was taking his medication as prescribed, and he answered, "Yes." At the conclusion of the plea colloquy, the trial court stated:

> Alright, Mr. Shakes I will find that you are competent, coherent and alert. I find that you are freely, knowingly and voluntarily waiv[ing] your Constitutional Rights. I find that there is a factual basis for the plea based on my review of the Probable Cause Affidavit and find that you have knowingly entered into this plea and you understand the consequences of entering into this plea.

The trial court adjudicated Shakes guilty. At a later sentencing hearing, the trial court sentenced Shakes to concurrent sentences of ten years in prison on count one and five years in prison on count two.

"An individual who has been adjudicated incompetent is presumed to remain incompetent until adjudicated competent to proceed by a court." Dougherty v. State, 149 So. 3d 672, 676 (Fla. 2014) (quoting Jackson v. State, 880 So. 2d 1241, 1242 (Fla. 1st DCA 2004)). Florida Rules of Criminal Procedure 3.210 through 3.212 "set forth the required competency hearing procedures for determining whether a defendant is competent to proceed or has been restored to competency." Dougherty, 149 So. 3d at 677. Rule 3.210(a) provides that "[a] person accused of an offense or a violation of probation or community control who is mentally incompetent to proceed at any material stage of a criminal proceeding shall not be proceeded against while incompetent." "[W]hen the court receives notice that a defendant has regained competence, the court shall hold a hearing to determine if a defendant is competent to proceed." Roman v. State, 163 So. 3d 749, 751 (Fla. 2d DCA 2015) (citing Jackson, 880 So. 2d at 1242); Fla. R. Crim. P. 3.212(c). The trial court may take the testimony of court-appointed experts designated under rule 3.211, or where the parties and the trial court agree, the trial court "may decide the issue of competency on the basis of the written reports alone." Dougherty, 149 So. 3d at 677-78 (quoting Fowler v. State, 255

So. 2d 513, 515 (Fla. 1971)); see Roman, 163 So. 3d at 751 ("If the parties agree, the trial court can make its competency determination based solely on experts' reports."). The trial court is tasked with making an independent legal determination regarding whether the defendant is competent, after considering the expert testimony or reports and other relevant factors. Dougherty, 149 So. 3d at 678 (holding that defendant may not stipulate to ultimate issue of competency because trial court retains responsibility to determine that issue). "[I]f a trial court finds that a defendant is competent to proceed, it must enter a written order so finding." Id.

In this case, the trial court did not hold the necessary competency hearing and did not make an independent determination of competency before accepting Shakes' plea. The trial court did not consider the testimony of any experts, and the trial court gave no indication that it had reviewed the report submitted by the psychologist, which report was not specifically mentioned on the record at any of the hearings in the case. To the extent that the trial court relied on defense counsel's representation that Shakes was competent, such reliance is not permitted. See Roman, 163 So. 3d at 750-51 (holding that trial court failed to make proper competency determination where defendant's competency was mentioned by defense counsel at a suppression hearing but no competency hearing was held and the parties did not stipulate to the trial court's relying on expert reports concluding that defendant had regained competency); S.B. v. State, 134 So. 3d 528, 530 (Fla. 4th DCA 2014) (holding that trial court erred in finding defendant competent where defense counsel "stipulate[d]" to competency based on finding in expert's report, State also stipulated to competency, and trial court found defendant competent based on stipulations and report; although parties stipulated to

- 4 -

competency, "neither party stipulated to the contents and admission of the doctor's report," there was no "form of agreement between the parties and the judge to decide the issue of competency on the basis of the written report alone," and "there is nothing in the case law to suggest that such implicit stipulations and agreements are sufficient to satisfy rule 3.212"); Macaluso v. State, 12 So. 3d 914, 915 (Fla. 4th DCA 2009) (holding that trial court failed to make proper competency determination where defense counsel advised the court that defendant's competency had been restored and the trial court, without further hearing or evidence, declared defendant competent and proceeded with trial); cf. Hunter v. State, 174 So. 3d 1011, 1014-15 (Fla. 1st DCA 2015) (holding that trial court's implicit finding of competency was sufficient where trial court heard from two experts at a competency hearing, affirmatively agreed to statement that defendant was competent, and conducted trial proceedings).[1] "[N]othing in [Florida] precedent [states] that a defendant can stipulate to the ultimate issue of competency, even where the written reports reach the same conclusion." Dougherty, 149 So. 3d at 678. "Although the trial court, when the parties agree, may decide the issue of competency on the basis of written reports alone, it cannot dispense with its duty to make an independent determination about a defendant's competency . . . ." Id. at 679.

---

[1]The State argues that the trial court's procedure in this case was in line with that in Martinez v. State, 851 So. 2d 832, 833-34 (Fla. 1st DCA 2003), in which the court affirmed a plea after "counsel represented to the court that appellant was competent to proceed," and "the judge responded, 'All right, sir.' " The court rejected the dissent's view that the trial court's statement "should not be construed as an oral determination of competency," stating that "we will not presume that the court acted contrary to the dictates of the law by declining to make such finding once it was aware of the prior adjudication of incompetency." Id. at 834-35. But in Martinez, the appellant challenged only the lack of a written order of competency: "[n]either the defendant nor the state has contended on appeal that such statement was anything less than a finding of competency." Id. at 834. Thus, Martinez is distinguishable from this case, in which Shakes claims that the trial court *did not* make the required finding of competency.

- 5 -

In addition, the trial court never entered a written finding of competency, further indicating that the trial court did not make an independent competency determination.[2]

Shakes raises this issue for the first time on appeal; he did not first present it in a motion to withdraw plea. See Fla. R. App. P. 9.140(b)(2)(A)(ii)(c). The First District recently held that where a defendant has been adjudicated incompetent and had not been determined to have regained his competency prior to the entry of the plea, the competency issue is cognizable on direct appeal in the absence of a motion to withdraw plea. See Ross v. State, 155 So. 3d 1259, 1260 (Fla. 1st DCA 2015).

> Because there is no evidence in the record that the trial court conducted a competency hearing, reviewed evidence from any examining physicians, or made an oral or written finding that appellant had been restored to competence, appellant was presumed incompetent to proceed at any material stage, rendering his plea invalid as a matter of law and subject to challenge for the first time on direct appeal. Because appellant had been adjudicated incompetent prior to the entry of the plea, the competency issue was cognizable on direct appeal without a motion to withdraw plea.

Id. (citations omitted). The Ross court cited to Vestal v. State, 50 So. 3d 733, 735 n.2 (Fla. 5th DCA 2010), which noted that under rule 3.210(a), "[a]n individual adjudicated incompetent is presumed to remain incompetent until and unless adjudicated competent again after a hearing" and suggested that if a defendant has "been adjudicated incompetent *prior* to the entry of the plea, the competency issue [is] cognizable on direct

---

[2]The record contains a "memo of sentence/order of the court" dated March 14, 2014, that states "Hrg Held>Deft. Competent to Proceed." But the trial judge did not sign this order. Even if the trial court had signed this order, it would not have satisfied the requirement of a written order. See Carroll v. State, 157 So. 3d 385, 386 (Fla. 2d DCA 2015). The State concedes that the trial court was required to enter a written finding that Shakes was competent to proceed and that remand is necessary for entry of an order. See Fla. R. Crim. P. 3.212(c)(7); Dougherty, 149 So. 3d at 678; Corbitt v. State, 744 So. 2d 1130 (Fla. 2d DCA 1999); Hunter, 174 So. 3d at 1015.

- 6 -

appeal without a motion to withdraw plea." Cf. Burns v. State, 884 So. 2d 1010, 1012-14 (Fla. 4th DCA 2004) (holding that defendant could not argue for the first time on appeal that the trial court erred in accepting his plea without first holding a competency hearing; error was not preserved by motion to withdraw plea and was not fundamental); Hicks v. State, 915 So. 2d 740, 741 (Fla. 5th DCA 2005) (same).

We agree with Ross and Vestal. Accordingly, we reverse and remand for the trial court to allow Shakes to withdraw his plea and to hold a proper competency hearing in accordance with this opinion.

Reversed; remanded.

ALTENBERND, KHOUZAM, and MORRIS, JJ., Concur.