NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RICHARD BYLOCK, )
 )
      Appellant, )
 )
v. )   Case No. 2D14-5515
 )
STATE OF FLORIDA, )
 )
      Appellee. )
 )

Opinion filed July 15, 2016.

Appeal from the Circuit Court for
Pasco County; Mary M. Handsel, Judge.

Howard L. Dimmig, II, Public Defender,
and Karen M. Kinney, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.

CRENSHAW, Judge.

      Richard Bylock appeals his convictions and sentences entered after he

pleaded no contest to two counts of burglary and two counts of criminal mischief. On

appeal, Bylock argues that the trial court committed fundamental error when it failed to

hold an adequate competency hearing to determine that his competency had been

restored. We agree, reverse, and remand for further proceedings.

Bylock was adjudicated incompetent in October 2013 and sent to the Florida State Hospital to be restored to competency. The trial court held a competency status check on April 11, 2014. Bylock and his defense counsel were present at the hearing, but counsel for the State was not. Despite the State's absence, the trial court orally adjudicated Bylock competent to proceed. The trial court's statements regarding Bylock's competency were limited to the following:

> Mr. Bylock's come back from the state hospital. They've indicated that at this point he's competent to proceed. So I'll adjudicate him competent at this time to proceed and I'll reset the pretrial for May 1st at 9:00 a.m.

The proceeding concluded. The trial court did not enter a written order of competency.

Months later Bylock pleaded no contest to two counts of burglary and two counts of criminal mischief. He was designated a habitual violent felony offender and sentenced to time served for the criminal mischief charges and to a concurrent ten years' prison for the burglary charges.

We conclude that the trial court's limited statement to defense counsel at the April 2014 competency status hearing was insufficient to constitute a proper competency hearing under Florida Rules of Criminal Procedure 3.210 through 3.212. "[I]t is necessary for courts to observe the specific [competency] hearing requirements set forth in the rules in order to safeguard a defendant's due process right to a fair trial and to provide the reviewing court with an adequate record on appeal." Dougherty v. State, 149 So. 3d 672, 676 (Fla. 2014). "Once found incompetent, a presumption clings to the criminal defendant that the state of incompetence persists until a court, after proper notice and hearing, finds otherwise." Roman v. State, 163 So. 3d 749, 750-51 (Fla. 2d DCA 2015) (quoting Molina v. State, 946 So. 2d 1103, 1105 (Fla. 5th DCA

- 2 -

2006)).  "Under Florida Rule of Criminal Procedure 3.210, a criminal prosecution may not move forward at any material stage, which includes entry of a plea, against a defendant who is incompetent to proceed."  Ross v. State, 155 So. 3d 1259, 1259 (Fla. 1st DCA 2015) (citing Dougherty, 149 So. 3d at 676-77).

"Florida Rule of Criminal Procedure 3.212(c) provides that when the court receives notice that a defendant has regained competence, the court shall hold a hearing to determine if a defendant is competent to proceed."  Roman, 163 So. 3d at 751 (citing Jackson v. State, 880 So. 2d 1241, 1242 (Fla. 1st DCA 2004)).  A defendant's legal status cannot be restored to competent without the benefit of a hearing.  Jackson, 880 So. 2d at 1242.  During the hearing, "[t]he trial court may take the testimony of court-appointed experts designated under rule 3.211, or where the parties and the trial court agree, the trial court 'may decide the issue of competency on the basis of the written reports alone.' "  Shakes v. State, 185 So. 3d 679, 681 (Fla. 2d DCA 2016) (quoting Dougherty, 149 So. 3d at 677-78).  Nevertheless, the written reports are advisory and the trial court retains the responsibility of "making an independent legal determination regarding whether the defendant is competent."  Id. For that reason, a defendant may not stipulate to competency.  Dougherty, 149 So. 3d at 678.  Finally, when a trial court determines a defendant is competent to proceed, it must enter a written order so finding.  Shakes, 185 So. 3d at 681.

Here the trial court's oral declaration of competency—and Bylock's subsequent plea—were invalid because the trial court failed to conduct a proper competency hearing.  No witnesses were presented, counsel for the State was absent, and there is no indication in the record that the parties agreed that the trial court could

rely on the reports deeming Bylock competent to proceed. See, e.g., Jackson, 880 So. 2d at 1243-44 (concluding that the trial court's oral adjudication of competency based on medical reports was invalid where "the record [was] devoid of any evidence that the parties agreed to such a procedure"). Further, the trial court failed to enter a written order of competency—another indication "that the trial court did not make an independent competency determination." Shakes, 185 So. 3d at 682; see also Ross, 155 So. 3d at 1260 (concluding that defendant's plea was invalid as a matter of law because there was "no evidence in the record that the trial court conducted a competency hearing, reviewed evidence from any examining physicians, or made an oral or written finding that appellant had been restored to competence"); Samson v. State, 853 So. 2d 1116, 1117 (Fla. 4th DCA 2003) (concluding defendant "remained incompetent to proceed and could not enter valid pleas" because the trial court failed to "take the testimony of any of the examining physicians and did not enter a written order stating that [the defendant] was restored to competence").

Accordingly, we reverse Bylock's convictions and sentences and remand for the trial court to hold a proper competency proceeding and any further proceedings necessary in accordance with this opinion.

Reversed and remanded.

SILBERMAN and MORRIS, JJ., Concur.