IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NEVILLE LAYLOR,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

      Appellant,

v.

CASE NOS. 1D15-2450/1D15-2451

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 22, 2016.

An appeal from the Circuit Court for Leon County.
Frank E. Sheffield, Judge.

Jeffrey E. Lewis, General Counsel, and Michael J. Titus, Assistant Conflict Counsel, Office of Criminal Conflict and Civil Regional Counsel, Region One, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.

WOLF, J.

      Appellant alleges the trial court erred by failing to enter a written order declaring appellant competent to stand trial even though the court orally declared him competent. Florida Rule of Criminal Procedure 3.212(c)(7) requires the trial

court to enter a written order finding a defendant competent to proceed if that defendant has previously been declared incompetent. See White v. State, 548 So. 2d 765, 768 (Fla. 1st DCA 1989). We, therefore, agree that the trial court erred in failing to enter such a written order declaring appellant competent after his period of incompetence. We AFFIRM appellant's judgment and sentence but REMAND for the trial court to enter a nunc pro tunc order declaring appellant competent. See Hunter v. State, 174 So. 3d 1011, 1014-15 (Fla. 1st DCA 2015).

LEWIS and OSTERHAUS, JJ., CONCUR.