IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROBERT LEE RUMPH,

   Appellant,

 v.               Case No. 5D15-3550

STATE OF FLORIDA,

   Appellee.

_____/

Opinion filed April 13, 2017

Appeal from the Circuit Court
for Orange County,
Marc L. Lubet, Judge.

James S. Purdy, Public Defender, and
Robert E. Wildridge, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Nora H. Hall, Assistant
Attorney General, Daytona Beach, for
Appellee.

BERGER, J.

   Robert Lee Rumph, Jr., appeals the judgment and sentence imposed upon him by

the trial court after he pled no contest to second-degree murder with a firearm pursuant

to a negotiated plea agreement. He argues that the trial court committed reversible error

when it failed to follow the proper competency procedures and failed to enter a written

order finding him competent to proceed before it permitted him to enter a guilty plea. We agree and reverse.

Shortly before 3:00 p.m. on November 8, 2009, Foquan Bell was shot eight times in his apartment. The gunman paused in the middle of the shooting, left the apartment to reload his firearm, and returned to fire additional rounds into Bell. Bell was pronounced dead at the scene.

Later that day, Rumph arrived at his mother's house and was "acting crazy." He was taken into custody by Sheriff's deputies under the Baker Act.[1] Eventually, Bell's cousin, who also happened to be Rumph's ex-girlfriend, implicated Rumph in Bell's murder. A grand jury indicted Rumph for first-degree murder and burglary of a dwelling with a firearm and an assault or battery by a grand jury.

Initially, Rumph intended to raise an insanity defense, and the trial court appointed experts to conduct a sanity evaluation. Rumph later reconsidered his situation and agreed to a plea agreement with the State. Rumph agreed to plead guilty to second-degree murder. The plea hearing was held on October 1, 2012. During the plea colloquy, Rumph "shut down" and was unable to communicate with the trial court. The trial court appointed two experts, Dr. Jeffrey A. Danziger and Dr. Gregory A. Prichard, to evaluate Rumph's competency to proceed. Dr. Danziger reported back to the trial court that Rumph was not competent to stand trial because he could not assist his attorney in preparing a defense. Dr. Prichard concurred with Dr. Danziger's assessment. The trial court adjudicated Rumph incompetent to proceed on November 7, 2012, and Rumph was placed at the Florida State Hospital for treatment.

_____

[1] § 394.463(2)(a)2., Fla. Stat. (2009).

While Rumph was at the hospital, Dr. Mimi Okazaki evaluated Rumph. In April 2013, Dr. Okazaki found that Rumph was still not competent to stand trial. However, on October 2, 2013, Dr. Okazaki reported in her evaluation that Rumph was now competent to stand trial. Rumph was discharged from the Florida State Hospital and returned to the Orange County Jail. After his return to the jail, Dr. Danziger reexamined Rumph. In a report dated January 23, 2014, Dr. Danziger opined that although Rumph was not well and still exhibited symptoms, he had partially improved and was competent to stand trial. A third examiner, Dr. Ryan Hall, examined Rumph on February 18, 2014. In his February 24, 2014 report, Dr. Hall concluded that Rumph was competent but might need additional time and more frequent breaks during the trial to ensure he understood the proceedings.

During a pretrial hearing on June 24, 2014, the trial court acknowledged that it had not read the competency evaluations but queried counsel for the State and Rumph about his condition. Rumph's counsel replied that the doctors thought Rumph was competent. On July 2, 2014, Rumph agreed to enter a no contest plea as part of a plea bargain with the State to reduce the murder charge to second-degree murder and to drop a burglary of a dwelling count. Rumph agreed to a sentence of at least twenty-five years but no more than forty-five years.

During the plea colloquy, the trial court asked Rumph questions about the medications he was taking and asked counsel for both parties whether Rumph was competent. They agreed he was competent. The trial court accepted the no contest plea and verbally found Rumph was competent based on its colloquy with Rumph and the representations of counsel. The trial court also noted that "the doctors have said you're competent to proceed." The doctors who evaluated Rumph did not testify at the hearing.

3

The trial court did not enter a written order adjudicating Rumph competent to stand trial. Later, Rumph was sentenced to forty years in the Department of Corrections, including a twenty-five-year mandatory minimum sentence.

A criminal case may not proceed at any material stage[2] while the defendant is not competent to proceed. Fla. R. Crim. P. 3.210(a); McCray v. State, 71 So. 3d 848, 862 (Fla. 2011) (quoting Caraballo v. State, 39 So. 3d 1234, 1252 (Fla. 2010)). "The test for whether a defendant is competent to stand trial is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" Peede v. State, 955 So. 2d 480, 488 (Fla. 2007) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)); accord § 916.12(1), Fla. Stat. (2014); Whitfield v. State, 164 So. 3d 745, 746 (Fla. 5th DCA 2015). Once a defendant has been adjudicated incompetent by the trial court, a presumption of incompetency arises that persists until the trial court adjudicates the defendant competent to proceed. Molina v. State, 946 So. 2d 1103 (Fla. 5th DCA 2006) (citing Jackson v. State, 880 So. 2d 1241, 1242 (Fla. 1st DCA 2004)); see also Sledge v. State, 871 So. 2d 1020 (Fla. 5th DCA 2004). "[T]he failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." Drope v. Missouri, 420 U.S. 162, 172 (1975). This constitutes fundamental error and may be raised without filing a motion to withdraw the plea. See Hunter v. State, 174 So. 3d 1011, 1014 (Fla. 1st DCA 2015) (citing Jackson, 880 So. 2d at 1242; Martinez v.

---

[2] Material stages of criminal proceedings include the trial, pretrial hearings on factual issues where the defendant might testify, entry of a plea, contempt hearings, violation of probation hearings, and sentencing. Fla. R. Crim. P. 3.210(a)(1).

4

State, 851 So. 2d 832, 834-35 (Fla. 1st DCA 2003); see also Shakes v. State, 185 So. 3d 679, 683 (Fla. 2d DCA 2016) (citing Ross v. State, 155 So. 3d 1259, 1260 (Fla. 1st DCA 2015)).

After a defendant has been adjudicated incompetent, a hearing is necessary to overcome the presumption of incompetency and find the defendant competent. See Presley v. State, 199 So. 3d 1014 (Fla. 4th DCA 2016) (quoting Roman v. State, 163 So. 3d 749, 751 (Fla. 2d DCA 2015)); Macaluso v. State, 12 So. 3d 914, 915 (Fla. 4th DCA 2009) (citing Abreu-Gutierrez v. James, 1 So. 3d 262 (Fla. 4th DCA 2009)). If the trial court finds that the defendant is competent to proceed, it must enter a written order adjudicating the defendant competent. Fla. R. Crim. P. 3.212(b), (c)(7); Molina, 946 So. 2d at 1105 n.1 (citing Bailey v. State, 931 So. 2d 224 (Fla. 1st DCA 2006)).

Competency is a legal rather than a medical question, and the expert reports prepared by the examiners are merely advisory. See Dougherty v. State, 149 So. 3d 672, 677-78 (Fla. 2014) (citing McCray, 71 So. 3d 862). The parties may stipulate to deciding competency based on the written expert reports rather than live expert testimony, but the defendant and the other parties may not stipulate to competency itself, particularly when the defendant was previously adjudicated incompetent, as the trial court must make an independent determination on the issue. Id. at 678 (citing Fowler v. State, 255 So. 2d 513, 515 (Fla. 1971)); Presley, 199 So. 3d at 1018; Blow v. State, 902 So. 2d 340, 342 (Fla. 5th DCA 2005) (citing Sledge, 871 So. 2d at 1021). The stipulation to determining the issue based on the expert's written reports may be inferred from the context. See Presley, 199 So. 3d at 1018-19 (citing Merriell v. State, 169 So. 3d 1287, 1288 (Fla. 1st DCA 2015)).

5

Here, Rumph was adjudicated incompetent to stand trial from November 7, 2012, until the trial court found him competent immediately before taking his plea on July 2, 2014. Because there is no written order in the record adjudicating Rumph competent, remand is necessary. See Dougherty, 149 So. 3d at 679; Shakes, 185 So. 3d at 682 n.1; Molina, 946 So. 2d at 1105 n.1; Bailey, 931 So. 2d at 224; Martinez, 851 So. 2d at 834. Were it simply that the trial court failed to enter a written order, we would remand for the trial court to do so, nunc pro tunc, to July 2, 2014. See Martinez, 851 So. 2d at 834 (quoting White v. State, 548 So. 2d 765, 768 (Fla. 1st DCA 1989)). However, there is another problem with this case. Even assuming an implicit stipulation to decide the competency issue existed based on the expert evaluation reports, which would arise from the improper stipulation to competency based on those reports, it is unclear if the trial court actually reviewed those reports before making its ruling. See Fla. R. Crim. P. 3.212(a); Presley, 199 So. 3d at 1018-19.

One requirement of a proper hearing is that the trial court actually reviews the expert reports and other evidence. See Presley, 199 So. 3d at 1018-19; Belizaire v. State, 188 So. 3d 933, 934-35 (Fla. 1st DCA 2016) (quoting Ross, 155 So. 3d at 1259-60). The January 23, 2014 expert report by Dr. Danziger was sealed on February 5, 2014. The February 24, 2014 expert report from Dr. Hall was sealed and filed with the trial court on April 16, 2014. During the June 24, 2014 hearing, the trial court admitted that it had not read the reports. It is unclear whether the trial court read the reports before taking the plea on July 2, 2014, or whether it relied on counsel's assertion that the doctors found Rumph competent to stand trial.

6

Accordingly, we reverse the trial court's competency determination and remand with instructions for the trial court to determine whether it is possible to conduct a retrospective hearing on Rumph's competency as of July 2, 2014. See Dougherty, 149 So. 3d at 679 (citing Mason v. State, 489 So. 2d 734, 737 (Fla. 1986)). If it is possible to conduct the hearing, and the trial court determines that Rumph was competent, then the trial court shall enter a nunc pro tunc written order adjudicating him competent. See id. If it is not possible to conduct the retrospective hearing, or if the trial court conducts the hearing and finds that Rumph was incompetent on July 2, 2014, then it should vacate the judgment and sentence and withdraw Rumph's plea. See id.

REVERSED AND REMANDED.

EDWARDS, J. and JACOBUS, B.W., Senior Judge, concur.