IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CURTIS LEE ROGERS,

     Appellant,

 v.                                    Case No.  5D17-2975

STATE OF FLORIDA,

     Appellee.
_____/

Opinion filed September 14, 2018

Appeal from the Circuit Court
for Volusia County,
Terence R. Perkins, Judge.

James S. Purdy, Public Defender, and
Kevin R. Holtz, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellee.

PER CURIAM.

     Curtis Lee Rogers appeals his judgment and life sentence imposed following a jury

trial. He raises one issue on appeal: the trial court fundamentally erred when it failed to

conduct a competency hearing before trial and enter a written order regarding his

competency. Based on the record before us, we agree and therefore reverse.

     During the pendency of the charges brought against Rogers, defense counsel filed

a motion to determine Rogers's competency. The trial court granted the motion and

appointed an expert to conduct an evaluation. Following the evaluation, the expert opined that Rogers was competent to proceed. Defense counsel disagreed and requested that a second evaluation be conducted. The State did not object. The record is silent as to what occurred next—it does not reflect that the trial court conducted a competency hearing, nor does it contain a written order finding Rogers competent. Rogers proceeded to trial and was found guilty of robbery with a deadly weapon, aggravated battery, and attempted manslaughter by act.

"A person accused of an offense . . . who is mentally incompetent to proceed at any material stage of a criminal proceeding shall not be proceeded against while incompetent." Fla. R. Crim. P. 3.210(a). "If, at any time after such commitment, the court decides, after hearing, that the defendant is competent to proceed, it shall enter its order so finding and shall proceed." Fla. R. Crim. P. 3.212(c)(7). From the record, we are unable to ascertain that the trial court followed the provisions of these rules in this case. The State properly concedes error.

Accordingly, we reverse and remand for the trial court to determine whether it can conduct a nunc pro tunc hearing regarding Rogers's competency at the time of trial. See Rumph v. State, 217 So. 3d 1092, 1094–97 (Fla. 5th DCA 2017); cf. Reynolds v. State, 177 So. 3d 296, 297–99 (Fla. 1st DCA 2015). If it is possible to conduct the hearing, and the court determines that Rogers was competent, then it shall enter a nunc pro tunc written order adjudicating him competent. Rumph, 217 So. 3d at 1097; Reynolds, 177 So. 3d at 299. If, at the hearing, the court determines that Rogers was incompetent, or if the

2

court is unable to conduct a hearing, it shall vacate Rogers's judgment and sentence.

Rumph, 217 So. 3d at 1097; Reynolds, 177 So. 3d at 299.[1]

REVERSED and REMANDED WITH INSTRUCTIONS.

COHEN, C.J., and WALLIS, J., concur.
EISNAUGLE, J., concurs and concurs specially, with opinion.

---

[1] Although the trial judge in this case is experienced and well-respected, we remind the judge that counsels' stipulation as to Rogers's competency alone is insufficient to comply with this mandate. Bynum v. State, 247 So. 3d 601 (Fla. 5th DCA 2018). However, if Rogers stipulates to the admission of reports reflecting his competency and the court reviews those reports in making an independent determination of his competency, it will have properly afforded Rogers his due process. Hernandez v. State, 43 Fla. L. Weekly D1408 (Fla. 3d DCA June 20, 2018).

EISNAUGLE, J., concurring specially.

I agree with the majority's opinion; however, I find it unnecessary to reach the issues discussed in footnote 1, and therefore do not join that portion of the opinion.