PER CURIAM
We reverse due to the trial court's failure to comply with Florida Rules of Criminal Procedure 3.210(a) and 3.212(c)(7). The trial court ordered that Parcilla be evaluated for competency but failed to conduct a hearing before trial or enter a written order.
"A person accused of an offense ... who is mentally incompetent to proceed at any material stage of a criminal proceeding shall not be proceeded against while incompetent." Fla. R. Crim. P. 3.210(a). "If, at any time after such commitment, the court decides, after hearing, that the defendant is competent to proceed, it shall *157 enter its order so finding and shall proceed." Fla. R. Crim. P. 3.212(c)(7).
We reverse and remand for the trial court to determine whether it can conduct a nunc pro tunc hearing regarding Parcilla's competency at the time of trial. See Rumph v. State, 217 So.3d 1092, 1094-96 (Fla. 5th DCA 2017). If it is possible to do so, and the court determines that Parcilla was competent, then it shall enter a nunc pro tunc written order adjudicating him competent. Id. at 1096. If the court determines that Parcilla was incompetent, or if the court is unable to conduct a hearing, it shall vacate Parcilla's judgment and sentence. Id.
REVERSED and REMANDED WITH INSTRUCTIONS.
COHEN, C.J., EVANDER and BERGER, JJ., concur.